# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ALFONSO BISCARDI,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-1632-Orl-41KRS**

**FLORIDA SPORT & RECREATION NETWORK, L.L.C., RSI HOLDINGS, LLC and FLORIDA BEACHES DESTINATION CLUB, LLC,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 22)** |
| **FILED:** | **February 13, 2015** |

## I. BACKGROUND.

On October 7, 2014, Plaintiff Alfonso Biscardi filed a complaint against a number of Defendants. He alleges that the Defendants, who he submits were his integrated employer, violated the Age Discrimination in Employment Act ("ADEA") by discriminating and retaliating against him and the Fair Labor Standards Act ("FLSA") by failing to pay him overtime compensation. Doc. No. 1.

On January 20, 2015, a mediator informed the Court that the case had completely settled. Doc. No. 19. The parties now seek a finding that the settlement of the FLSA claim was fair and

reasonable as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1352 (11th Cir. 1982) ("*Lynn's Food*"). In support of the motion, the parties filed a fully executed Amended Settlement Agreement and General Release. Doc. No. 22-1 ("Settlement Agreement"). The parties stipulate to entry of a judgment dismissing the case with prejudice if the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute under the FLSA. Doc. No. 22 at 9.

The motion was referred to me for issuance of a Report and Recommendation. Accordingly, the matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food,* a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority). If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see*

*also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III. ANALYSIS.**

The Settlement Agreement provides that Biscardi will receive $2,046.24 in overtime compensation and an equal amount in liquidated damages to resolve his FLSA claim. Doc. No. 22-1 at 6. Counsel agree that this is a compromise of Biscardi's FLSA claim. Doc. No. 22 at 6. They provide a detailed explanation of the reason for the compromise. In sum, Defendants assert that Biscardi fell within the FLSA's administrative exemption and that Defendants properly paid Biscardi a salary intended to cover a fluctuating work week. *Id.* at 5-6. Review of time records kept by Biscardi showed that he did not work more than 40 hours in many work weeks. The parties agreed to add 5 hours to each work week within the statute of limitations to resolve the case. Even with these additional hours, Biscardi did not work more than 40 hours in every work week. *Id.* at 5. All parties were represented by counsel during the settlement negotiations. Because of the many disputed issues of law and fact, the settlement was a reasonable means to minimize future risks and litigations costs. *Id.* at 7. This adequately explains the reason for the compromise of Biscardi's FLSA claim.

Defendants settled Biscardi's non-FLSA claims by paying him additional sums. Doc. No. 22-1 at 6. Defendants also paid Biscardi $6,476.88 as consideration for his execution of a general release. *Id.* I recommend that the Court find that the broad general release in the Settlement Agreement does not render the FLSA portion of the settlement unfair because the general release

was supported by payment of separate consideration. *See, e.g., Pariente v. CLC Resorts & Dev., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at * 1 (M.D. Fla. Nov. 14, 2014).

Under the Settlement Agreement, counsel for Biscardi will receive $4,000.00 in attorneys' fees and costs related to the FLSA claim and additional attorneys' fees and costs related to the other claims. Doc. No. 22-1 at 6. The Court must consider whether the attorneys' fees and costs to be paid improperly influenced the amount Biscardi agreed to accept. The parties agree that the attorneys' fees and costs related to the FLSA claim are reasonable given the state of the litigation and the amount of work performed. Doc. No. 22 at 8. The parties also represent that the attorneys' fees were agreed upon separately without regard to the amount paid to Biscardi. *Id.* at 8-9. Based on these representations, I recommend that the Court find the amount of attorneys' fees Plaintiffs' counsel will receive is reasonable and does not taint the amount Biscardi agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

Under these circumstances, I recommend that the Court find that the Settlement Agreement is a fair and reasonable resolution of Biscardi's FLSA claim.

## IV. RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **FIND** that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute arising under the FLSA, *Lynn's Food*, 679 F.2d at 1354;
2. **GRANT** the Joint Motion For Approval Of Settlement (Doc. No. 22); and,

3. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 25, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE